UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| COVEY RUN, LLC | : | CASE NO:15-CV-01997-CCK |
| Plaintiff, | : | |
| vs. | : | |
| WASHINGTON CAPITAL, LLC.; JEMEL M. LYLES, SR.; MELVIN H. SANDERS; STEVE EVANS; L. GREGORY LOOMAR; L. GREGORY LOOMAR, PA, AND MICHAEL BLACKWELL | : : : | |
| Defendants. | | |
| _____/ | | |

**<u>DEFENDANT   L. GREGORY LOOMAR AND DEFENDANT
 L. GREGORY LOOMAR, P.A.'S   REPLY IN SUPPORT THEIR
JOINT MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

**<u>PRELIMINARY STATEMENT</u>**

This case arises out of the Plaintiff's alleged claims for breach of contract, fraud, negligent misrepresentation, conversion and breach of fiduciary duty, all arising from a loan commitment agreement and the addendum thereto, entered into between Washington Capital, LLC and Covey Run, LLC. Whereby, Washington Capital, LLC, a private equity firm was to obtain financing for Covey Run, LLC.

**FACTUAL BACKGROUND**

Plaintiff, Covey Run, LLC, a Minnesota Limited Liability Company, with its principal place of business located in St. Cloud, Minnesota, filed this action against L. Gregory Loomar, individually, L. Gregory Loomar, PA, and the other following named Defendants, Washington Capital, LLC, a Virginia limited liability company Jemel M. Lyles, Sr. ("Lyles"), Melvin H. Sanders ("Sanders"), Steve Evans ("Evans") and Michael Blackwell ("Blackwell"), alleging the, breach of contract, fraud, negligent misrepresentation, conversion and breach of fiduciary duty.

Plaintiff argues the Defendants, L. Gregory Loomar and L. Gregory Loomar, PA joint motion to dismiss should be denied. However, the facts and law recited in Defendant's motion to dismiss clearly support the proposition that Plaintiff's Complaint is deficient and does not to support a claim for breach of fiduciary duty against Defendants, L. Gregory Loomar and L. Gregory Loomar, PA, upon which relief can be granted, and as such the action must be dismissed.

**LOOMAR DEFENDANTS' REPLY TO PLAINTIFF'S
OPPOSITION TO THEIR MOTION TO DISMISS**

**I.   PLAINTIFF FAILS TO ADDUCE *PRIMA FACIE* FACTS ESTABLISHING PERSONAL JURISDICTION OF LOOMAR DEFENDANTS**

Loomar and Loomar, P.A. (hereinafter, collectively, "Loomar Defendants") have moved for dismissal based on the manifest absence of any facts in the complaint establishing this Court's personal jurisdiction over these non-citizen Defendants. Plaintiff's one-page rejoinder to this challenge does not begin to fill this factual void. Plaintiff continues to fall back on the same conclusory allegations that render the complaint deficient in the first place. At the end of the day, Plaintiff has not – and cannot – proffer facts establishing jurisdiction in this forum because there are none.

Plaintiff concedes that to withstand a Rule 12(b)(2) motion to dismiss, it must set forth facts supporting a *prima facie* case that jurisdiction in this forum is proper. Lans v. Adduci Mastriani & Schaumberg, L.L.P., 786 F.Supp.2d 240, 263-64 (D.D.C.2011). Plaintiff's *prima facie* burden to proffer specific and pertinent facts establishing jurisdiction applies to each defendant. Id.; Am. Action Network, Inc. v. Cater Am., LLC, 983 F. Supp. 2d 112, 118 (D.D.C. 2013), citing Reuber v. United States, 750 F.2d 1039, 1052 (D.C.Cir.1984), abrogated on other grounds by Kauffman v. Anglo–Am. Sch. of Sofia, 28 F.3d 1223 (D.C.Cir.1994). See also Second Amendment Foundation v. U.S. Conference of Mayors, 274 F.3d 521, 524 (D.C.Cir. 2001) (to meet its *prima facie* burden "plaintiff must allege specific facts connecting the defendant with the forum.") (citation omitted). Accordingly "plaintiff cannot aggregate factual allegations concerning multiple defendants in order to demonstrate personal jurisdiction over any individual defendant." Lans at 263-64. (citation omitted). Plaintiff cannot rely on conclusory allegations to survive a Rule 12(b)(2) motion to dismiss. Id.

On brief Plaintiff argues that this Court has jurisdiction over the nonresident Loomar defendants pursuant to §§ 13-423(a)(1) & (a)(3)[1] of the District of Columbia Long-Arm statute. Pl.Opp. at 7-8. The Loomar Defendants will address the applicability, *vel non*, of these provisions in turn.

Plaintiff urges that jurisdiction lies pursuant to § 13-423(a)(1), because defendants "have transacted business in the District of Columbia by agreeing to act as escrow agent pursuant to a contract entered into in this District, (LOC at 27), and by agreeing to provide notice to Washington

---

[1] These sections of the District's Long Arm statute that provide that a District of Columbia court "may exercise personal jurisdiction over a person…as to a claim for relief arising from the person's… transacting any business in the District of Columbia (§ 13-423(a)(1)) [and/or] causing tortious injury in the District of Columbia by an act or omission in the District of Columbia (§ 13-423(a)(3))."

Capital in this District pursuant to that Agreement, (Addendum A at 13)…". Pl.Opp. at 8. These assertions, however, are not supported by any factual allegations in the complaint; and, even if creditable, would not establish a *prima facie* for personal jurisdiction under controlling precedent.

In order for contractual activities to qualify as "transacting [] business" under § 13-423(a)(1), those contractual activities "must be substantial."[2] See Helmer v. Doletskaya, 393 F.3d 201, 206 (D.C.Cir.2004). C.f. AGS Int'l Servs. S.A. v. Newmont USA Ltd., 346 F. Supp. 2d 64, 78 (D.D.C. 2004) ("A corporation transacts business within the District only if the business is of a 'substantial character.'") Accordingly, merely "entering" an agreement in the District, standing alone, is insufficient to confer jurisdiction under § 13-423(a)(1). Helmer at 206-07. As the Supreme Court observed, because a contract is "ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of

---

[2] Plaintiff contends that any "contractual activities" that take place outside the District that cause a consequence within the District qualify as "transacting business" in the District, citing Mouzavires v. Baxter, 434 A.2d 988, 991 (D.C.Cir.1981). This is an incorrect, overly broad interpretation of the holding of that case. In Mouzavires, as well as in every case for which contractual activities are alleged to constitute "transacting business", courts assess the totality of the defendant's conduct aimed at the forum; and specifically, whether it engaged in purposeful and deliberate activities towards the forum that it should "anticipate being haled into court in that forum." Trerotola v. Cotter, 601 A.2d 60, 64 (D.C. 1991) (quoting World–Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)); AGS Int'l Servs. S.A. v. Newmont USA Ltd., 346 F. Supp. 2d 64, 77-79 (D.D.C. 2004); Mouzavires v. Baxter, 434 A.2d 988, 995 (D.C.1981) (en banc) ("[T]he most critical inquiry is not whether the nonresident defendant is physically present in the forum but whether the defendant's contacts with the forum are of such a quality and nature that they manifest a deliberate and voluntary association with the forum.") This, of course, is the touchstone for constitutional due process analysis as well. See Hanson v. Denckla, 357 U.S. 235 (1958) (per due process principles, Florida court did not have personal jurisdiction over trustee located in Delaware even though trustee mailed checks to decedent in Florida, and decedent filled out trust paperwork in Florida; the trustee did not purposely avail himself of the forum state such that he could anticipate being haled into that jurisdiction- which is the touchstone for constitutionality). The voluntary and deliberate requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random', 'fortuitous,' or 'attenuated' contacts…or the unilateral activity of another party or a third person." Burger King, 471 U.S. at 475 (citations omitted). See GTE New Media Servs. Inc. v. BellSouth Corp., 199 F.3d 1343, 1350 (D.C. Cir. 2000) ("the Due Process Clause exists, in part, to give a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.") (citing World-Wide Volkswagen Corp., 444 U.S. at 297).

the business transaction," a court must evaluate the "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing" to determine whether the defendant "purposefully established minimum contacts within the forum" such that personal jurisdiction lies.  See Burger King v. Rudzewicz, 471 U.S. 462, 479 (1985). Helmer at 207 ("The place of contracting standing alone is typically viewed as rather insignificant, especially when it was fortuitous," whereas the "place of negotiation and performance"—in this case, Moscow—"should generally control.").

Thus this Court must assess the totality of the circumstances surrounding the contractual activities, as alleged in the complaint, to determine whether those activities are sufficient to bind the Loomar defendants to this forum.  See Helmer at 207 (even where a contract is formed in D.C. and the Plaintiff lives in D.C., personal jurisdiction over a nonresident defendant is not automatic under § 13-423(a)(1), but rather depends on additional background factors).  C.f. Freiman v. Lazur, 925 F.Supp.14, 25 (D.D.C. 1996) (a single meeting in the District of Columbia to negotiate a contract was "insignificant in the scheme of the parties' dealings" because the contract was executed and performed outside the District of Columbia) (quoting Mitchell Energy Corp. v. Mary Helen Coal Co., 524 F.Supp. 558, 564 (D.D.C.1981)).  See Alkanani v. Aegis Defense Svcs., LLC, 976 F.Supp.2d 13 (D.D.C. 2014) (even assuming that Plaintiff could prove his tort injury abroad arose from a contract executed in the states, which he could not, nonetheless there is no jurisdiction in D.C. where the complaint contains no allegations that Defendants negotiated or executed the contract in the District, nor that either contracting party was located in the District).

Based on the foregoing controlling authority, Plaintiff's assertion on brief that Loomar or Loomar, P.A., "entered into" the subject contract ("LOC"), even if creditable, is insufficient to invoke jurisdiction under § 13-423(a)(1).  Nor does the complaint disclose any additional factors

favoring jurisdiction. It does not assert factual material indicating that the LOC was either negotiated, performed, or breached within the District[3], nor that any of the contracting parties are based in the District, nor that the subject matter of the contract – a development project in Wyoming – concerns this forum.

But even moreover, the pleading does not disclose *any facts* indicating that Loomar or Loomar, P.A. "entered into" any agreement or contract with Plaintiff in any location, at any time[4].

Nor does the fact that the LOC names Loomar, P.A. as escrow agent supply a link to this forum, since Plaintiff acknowledges that Loomar, P.A. (and Loomar, individually) is located and operates in Florida, and carried out its escrow duties in that forum. And the single act of mailing a receipt to a Washington, D.C. address does not supply the requisite minimum contacts for jurisdiction in this forum. See Hanson v. Denckla, 357 U.S. 235 (1958) (fact that trustee based in Delaware mailed payment checks to Florida does not furnish a basis for Florida to assert jurisdiction over this nonresident); Harris v. Omelin, 985 A.2d 1103 (D.C.Cir. 2009) (where doctor lived and worked in Virginia, mere fact that he called in a prescription for Plaintiff at a D.C.

---

[3] On the contrary, according to the complaint all of the so-called "contractual activities" that purportedly implicate this Court's jurisdiction in fact transpired *outside of the District of* Columbia. The complaint asserts, for example, that the "primary person who negotiated the relevant transaction on behalf of Washington Capital and communicated with Covey Run's principals," was defendant Sanders, who "lived in" and is "a citizen of" Texas. Compl. ¶¶ 5, 18. See Id.; Pl.Opp. at 4, fn. 6. Further the individual who executed the Letter of Commitment and all other documents on behalf of Washington Capital, defendant Evans, is a resident of Ohio living in Virginia, and Virginia is where "signed the Letter of Commitment" on behalf of Washington Capital. Compl. ¶¶ 4, 20. Further Plaintiff mailed the executed "Agreements" via Federal Express to "Steve Evans at an address in Manassas Park, Virginia. Steve Evans signed the loan agreement and documents on behalf of Washington Capital." See Id. at ¶ 24. There is no assertion that Covey Run or any of its principals engaged in contractual activities within the District, nor that it mailed, called or otherwise engaged with this forum.

[4] At least one court in this District has rejected efforts by a Plaintiff to invoke § 13-426(a)(1), as a basis for personal jurisdiction over a nonresident defendant when the action sounds in tort. Alkanani v. Aegis Defense Svcs., LLC, 976 F.Supp.2d 13 (D.D.C. 2014). As the Alkanani court observed, this leads to an end run around §§ 13-426(a)(3), (4), which speak to tort actions, and require both tortious conduct, and tortious injury to occur within the District before personal jurisdiction over a nonresident defendant will lie. § 13-426(a)(3), (4).

pharmacy for Plaintiff's convenience does not give rise to personal jurisdiction over the physician in D.C.). Furthermore, even if it did, the act of mailing this letter does not give rise to Plaintiff's claim for relief against the Loomar Defendants – another prerequisite for jurisdiction under the Long-Arm statute. § 13-423(b).

For all these reasons § 13-423(a)(1) does not apply.

In addition to the "transacting business" provision, Plaintiff contends that jurisdiction is proper under § 13-423(a)(3), which provides for jurisdiction over a noncitizen Defendant who "caus[es] tortious injury in the District of Columbia by an act or omission in the District of Columbia. § 13-423(a)(3).

Once again this contention fails since Plaintiff has not and cannot allege facts that the Loomar Defendants engaged in a single act or omission in this jurisdiction. Further, Plaintiff does not identify an injury that occurred within the District. Under D.C. Circuit precedent, the site of an injury is the location of the event that caused the injury. See Helmer v. Delestskaya, 393 F.3d 201, 209 (D.C.Cir.2004) (declining to exercise personal jurisdiction over Plaintiff's fraud claim because the cause of his injuries occurred in Russia, where his girlfriend had used his credit cards and purchased and registered in her name a Moscow apartment); Etchebarne–Bourdin v. Radice, 754 A.2d 322, 327 (D.C.2000) (holding that tortious injury occurs in D.C. if the "original physical injury" or "triggering event" occurs in D.C.); Kissi v. Hardesty, 3 A.3d 1125, 1131 (D.C.2010) (finding that defendant's alleged acts of fraud or conversion perpetrated in Maryland do not result in tortious injury in the District of Columbia under the long-arm statute, even when Plaintiff is a D.C. resident); Moskovits v. DEA, 774 F.Supp. 649 (D.D.C.1991) (where order to seize property issued in Pennsylvania, actual seizure of property occurred in Florida, and Defendant lawyer lived

in worked in Virginia, there was no basis for tort jurisdiction over Defendant in the District; situs of injury was either Pennsylvania or Florida).

Since the complaint contains no well-pled factual averment indicating that tortious injury occurred in the District of Columbia; or that the Loomar Defendants committed any act or omission in the District, neither prong of § 13-423(a)(3) is met and thus this Court lacks jurisdiction under this provision, as well.

Finally it must be underscored that all the reasons militating dismissal of Loomar, P.A., from this action, apply with even greater resonance to Greg Loomar, individually.  This Defendant was neither a party to, nor even mention in the LOC or any document proffered by Plaintiff.  Nor does the fact that Loomar is an officer of Loomar, PA, provide a basis for bootstrapping him into these proceedings individually, as a matter of controlling Circuit precedent.  Richard v. Bell Atlantic Corp., 976 F.Supp. 40 (D.D.C.1997) (District Long-Arm statute does not permit exercise of personal jurisdiction over officer of corporation in his individual capacity for acts or omissions performed in his corporate officer capacity, even if such actions are tortious); Flocco v. State Farm Mut. Auto. Ins. Co., 752 A.2d 147 (D.C.App. 2000); Brady v. Burtt, 979 F.Supp. 524, 529 (W.D.Mich.1997) ("In general, the activities of an officer on behalf of a corporation do not confer jurisdiction over the officer individually."); 4A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure (Civil) § 1069.4 (3d ed. 2004) ("[P]ersonal jurisdiction over individual officers and employees of a corporation may not be predicated on the federal court's jurisdiction over the corporation itself....").

Based on the foregoing this Court must dismiss the Loomar Defendants for lack of personal jurisdiction.

## II. COVEY HAS FAILED TO DEMONSTRATE THAT ITS COMPLAINT STATES A CLAIM AGAINST THE LOOMAR DEFENDANTS

Although the anterior issue of jurisdiction compels dismissal of the Loomar Defendants in the first instance, nonetheless they shall respond briefly to Covey's opposition to their Rule 12(b)(6) motion. Covey urges that the express waiver provisions of the Addendum (Def.Exh.A) do not curtail or immunize the Loomar Defendants' exposure or liability, because the May 8, 2014, LOC, provides that the escrow agent may be liable for gross negligence or willful misconduct. This argument is unavailing. First, Covey does not make a claim against these Defendants for gross negligence or willful misconduct. Thus, the Loomar Defendants have had no notice of such claims. Attorney *ipse dixit* on brief does not substitute for a judicial complaint. If Plaintiff is asserting such claims, it must include these in its pleading so that the Loomar Defendants have an opportunity to respond. As it stands, there does not appear to be sufficient averments to support the proximate cause element of such claims.

Moreover, Covey advances a single act that it contends constitutes culpable conduct by the escrow agent: that agent's transfer of its equity funds to Washington Capital's Virginia bank account, at that party's specific direction. This cannot serve as a basis for liability, because the escrow agent is specifically immunized against any liability "for any action taken or not taken by it in accordance with the direction or consent of Washington Capital…". Further, the Addendum makes clear that the escrow agent has no duty to inquire or investigate the authority of any party issuing a direction to it. See Def. Exh. A at 14.9.

Furthermore, Covey's contention that the escrow agent failed to "strictly follow" the LOC is baseless on its face. Covey misrepresents that document as prohibiting the escrow agent from distributing "equity funds" in the absence of "instruction letters." This is patently false. The LOC and Addendum expressly require "instruction letters" *only with regard to the monthly distribution of "loan funds*." Addendum A, ¶ 14.5(B) & LOC § 10. These documents expressly differentiate between "loan funds", which require "instruction letters" for disbursement, from "equity funds," that have no such requirement. See Addendum A, ¶ 14.5(A), (B); LOC at § III, § X (Draw Schedule for "loan funds").

Additionally, Covey in executing the Addendum elected to limit the liability of the escrow agent, and Plaintiff's Complaint is void of any allegations that Covey relied upon any representations made by the Loomar Defendants. Courts have established "parties may limit an escrow agents' responsibilities through contract." Resolution Trust Corp. v. Broad & Cassel, P.A., 889 F. Supp. 475, 479 (M.D. Fla. 1995). Moreover, the Court found no breach of fiduciary duty on the part of the escrow agent, where the escrow agreement limited the escrow agent's liability.

Accordingly, under Resolution Trust Corp., the terms of the Addendum exonerate the Loomar Defendants with regard to the disbursement of any funds. This is based on the plain language of the Agreements which control, regardless of Plaintiff's contrary assertions, as the escrow agent was not restrained from transferring the equity funds to an account owned by Washington Capital.

To permit this unwarranted litigation to continue against the Loomar Defendants would be a travesty, as there is no basis in law or fact which supports the Plaintiff's allegations against the Loomar Defendants. Furthermore, dismissal is appropriate when as in the case at bar, a Plaintiff seeks to hold a defendant liable for the acts of other defendants, or an individual defendant liable for the acts of a corporation. Swiss Reinsurance America Corp. v. Access General Agency, Inc., 571 F. Supp.2d 882 (N.D.Ill.2008).

## CONCLUSION

The Plaintiff has failed to state a claim for which relief may be granted. Therefore, the Defendants, L. Gregory Loomar and L. Gregory Loomar, PA, respectfully request that this Honorable Court enter an order dismissing Plaintiff's Complaint with prejudice against them, and award the Defendants their attorney's fees and costs for defending this action and any and all other relief this Court so deems fair and just.

        Respectfully submitted,

        /s/ Craig Marc Rappel
        CRAIG MARC RAPPEL, ESQ.(DC Federal Bar No. 484208 )
        cmr@rappelhealthlaw.com
        Rappel Health Law Group, P.L.
        Bridgewater
        1515 Indian River Boulevard, Suite A210
        Vero Beach, Florida 32960
        Florida Bar No. 752428

/s/ Scott S. Levine
SCOTT S. LEVINE, ESQ. (Florida Bar No. 876682)
sslevine@msn.com
Pro Hac Vice Applicant
LAW OFFICES OF SCOTT LEVINE, P.A.
Counsel for Defendants L. Gregory Loomar
and L. Gregory Loomar, PA
1625 North Commerce Parkway, Suite 225
Weston, Florida 33326
Tel: (954) 510-3100
Fax: (866) 703-5508

## **CERTIFICATE OF SERVICE**

I, Craig Rappel hereby certify that I caused the foregoing to be filed via the Court's ECF System.

　/s/　Craig Marc Rappel
CRAIG MARC RAPPEL, ESQ.(DC Federal Bar No. 484208 )
cmr@rappelhealthlaw.com
Rappel Health Law Group, P.L.
Bridgewater
1515 Indian River Boulevard, Suite A210
Vero Beach, Florida 32960
Florida Bar No. 752428


/s/ Scott S. Levine
SCOTT S. LEVINE, ESQ. (Florida Bar No. 876682)
sslevine@msn.com
Pro Hac Vice Applicant
LAW OFFICES OF SCOTT LEVINE, P.A.
Counsel for Defendant L. Gregory Loomar
1625 North Commerce Parkway, Suite 225
Weston, Florida 33326
Tel: (954) 510-3100
Fax: (866) 703-5508