**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| COVEY RUN, LLC,<br>          Plaintiff,<br>          v.<br>WASHINGTON CAPITAL, LLC, *et al.*,<br>          Defendants. | Civil Action No. 1:15-1997 (CKK) |

**MEMORANDUM OPINION**
(March 28, 2017)

Plaintiff Covey Run, LLC ("Covey Run" or "Plaintiff") brings this action alleging that

Defendants Washington Capital, LLC ("Washington Capital"), Jemel Lyles, Melvin Sanders, and

Steve Evans perpetrated a fraudulent scheme that culminated in the alleged theft of $1.2 million

from Covey Run.  Covey Run alleges that Defendant Washington Capital breached its contract

with Covey Run by accessing $1.2 million held in escrow without the prior written knowledge

and consent of Covey Run.  Covey Run further alleges that Defendants L. Gregory Loomar and

the Law Offices of L. Gregory Loomar P.A. (collectively, the "Loomar Defendants"), committed

professional negligence and failed to meet their fiduciary duties as the escrow agent for the funds

in question, and that Defendant Michael Blackwell negligently misrepresented to Covey Run that

Defendant Washington Capital was a reputable private equity firm.

Two motions to dismiss are currently pending before the Court: the Loomar Defendants'

[44] Motion to Dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction,

and Defendant Blackwell's [98] Motion to Dismiss for lack of personal jurisdiction and for

various other reasons.  Upon consideration of the pleadings,[1] the relevant legal authorities, and

---

[1] The Court's consideration has focused on the following documents: Loomar Defs.' Mot. to
Dismiss Pl.'s Am. Compl., ECF No. 44 ("Loomar Mot."); Pl.'s Opp'n to Loomar Defs.' Mot. to
Dismiss, ECF No. 49 ("Pl.'s Opp'n to Loomar Mot."); Loomar Defs.' Reply in Support of Mot.

the record as a whole, the Court DENIES both motions.  The Court concludes that it has subject

matter jurisdiction over this action and personal jurisdiction over Defendant Blackwell.  It further

concludes that the various other grounds for dismissal urged by Blackwell lack merit.

## I. BACKGROUND

The Court has already set forth the factual background of this case in detail in its July 11,

2016 Memorandum Opinion, which is incorporated by reference and made part of this

Memorandum Opinion.  *See generally Covey Run, LLC v. Washington Capital, LLC*, 196 F.

Supp. 3d 87 (D.D.C. 2016).  After that Memorandum Opinion and accompanying Order were

issued, Plaintiff filed the now operative Amended Complaint in order to add a claim for

professional negligence against the Loomar Defendants.  Pl.'s Am. Compl., ECF No. 38.  The

Loomar Defendants then filed the pending Motion to Dismiss Plaintiff's Amended Complaint, in

which Defendants contend that this Court lacks subject matter jurisdiction over this action

because complete diversity among the parties is absent.[2]

_____

to Dismiss, ECF No. 51 ("Loomar Reply"); Pl.'s Response to October 25 Order and Surreply, ECF No. 52; Def. Blackwell's Am. Mot. to Dismiss, ECF No. 98 ("Blackwell Mot."); Pl.'s Opp'n to Def. Blackwell's Am. Mot. to Dismiss, ECF No. 102 ("Pl.'s Opp'n to Blackwell Mot."); and Def. Blackwell's Resp. to Pl.'s Opp'n to Def. Blackwell's Am. Mot. to Dismiss, ECF No. 108 ("Blackwell Resp.").  In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision.  *See* LCvR 7(f).

[2] In the "Preliminary Statement/Introduction" portion of the Loomar Defendants' Memorandum of Law, Defendants also state that the Court should dismiss Plaintiff's Amended Complaint because it fails to state a claim for which relief may be granted and because the Court should abstain from exercising its jurisdiction under the *Colorado River* doctrine.  These arguments, which were raised in the Loomar Defendants' first Motion to Dismiss in this case and previously rejected by the Court, *see* Memorandum Opinion, ECF No. 32, appear to have been mistakenly referenced, as the Loomar Defendants present no argument in support of them in the remainder of their memorandum.  To the extent these arguments were not referenced mistakenly, the Court notes that it rejects them now for the same reasons stated in its July 11, 2016 Memorandum Opinion.  The Court will not repeat the analysis in that Opinion here, although it incorporates it by reference into this Memorandum Opinion.

In addition, Defendant Blackwell—who is representing himself *pro se*—has sent the Court various documents entitled "Motion to Dismiss."  These include an "Amended Motion to Dismiss Due to Lack of Personal Jurisdiction," a "Motion to Dismiss Due to Frivolous Lawsuit against Michael Blackwell," a "Motion to Dismiss Due to Judicial Corruption," and a "Motion to Dismiss Due to Violations of 18 U.S. Code 241 & 242."  ECF No. 98.  The Court granted Blackwell leave to file those documents, and instructed Plaintiff that it could treat them as a single Motion to Dismiss for the purposes of responding.  Plaintiff filed a timely response to Defendant Blackwell's motions, ECF No. 102, and Blackwell filed a reply, ECF No. 108.

## II. LEGAL STANDARDS

### A.  Subject Matter Jurisdiction under Rule 12(b)(1)

A court must dismiss a case pursuant to Federal Rule 12(b)(1) when it lacks subject matter jurisdiction.  In determining whether there is jurisdiction, the Court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *Coalition for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted); *see also Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) ("[T]he district court may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction.").  "At the motion to dismiss stage, counseled complaints, as well as *pro se* complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact."  *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005).  In spite of the favorable inferences that a plaintiff receives on a motion to dismiss, it remains the plaintiff's burden to prove subject matter jurisdiction by a preponderance of the evidence.  *Am. Farm Bureau v. Envtl. Prot. Agency*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000).  "Although a court must accept as true all factual allegations

3

contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1), [a] plaintiff['s] factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Wright v. Foreign Serv. Grievance Bd.*, 503 F. Supp. 2d 163, 170 (D.D.C. 2007) (internal citations and quotation marks omitted).

## B.  Personal Jurisdiction under Rule 12(b)(2)

When personal jurisdiction is challenged under Federal Rule 12(b)(2), the plaintiff bears the burden of establishing a factual basis for asserting personal jurisdiction over a defendant. *See Crane v. N.Y. Zoological Soc'y,* 894 F.2d 454, 456 (D.C. Cir. 1990).  At this stage, the plaintiff "can satisfy that burden with a *prima facie* showing." *Mwani v. bin Laden,* 417 F.3d 1, 7 (D.C. Cir. 2005) (quoting *Edmond v. U.S. Postal Serv. Gen. Counsel,* 949 F.2d 415, 424 (D.C. Cir. 1991)).  To do so, the plaintiff cannot rest on bare allegations or conclusory statements but "must allege specific acts connecting [the] defendant with the forum." *Second Amendment Found. v. U.S. Conference of Mayors,* 274 F.3d 521, 524 (D.C. Cir. 2001) (internal quotation marks omitted).  "To make such a showing, the plaintiff is not required to adduce evidence that meets the standards of admissibility reserved for summary judgment and trial[;]" but rather, the plaintiff may "rest her arguments on the pleadings, 'bolstered by such affidavits and other written materials as [he] can otherwise obtain.'"  *Urban Inst. v. FINCON Servs.*, 681 F. Supp. 2d 41, 44 (D.D.C. 2010) (quoting *Mwani,* 417 F.3d at 7).

## C.  Failure to State a Claim under Rule 12(b)(6)

Pursuant to Federal Rule 12(b)(6), a party may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 557 (2007)).  Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### III. DISCUSSION

The Court will DENY both of the pending motions to dismiss.  First, the Court will (A) deny the Loomar Defendants' Motion to Dismiss for lack of subject matter jurisdiction.  The Court finds that it has diversity jurisdiction over this lawsuit because the parties' citizenships are diverse and the amount in controversy exceeds $75,000.  Second, the Court will (B) deny Defendant Blackwell's Motion to Dismiss.  The Court finds that it has personal jurisdiction over Blackwell as a result of his transacting business in the District of Columbia, and that the remainder of Blackwell's arguments in support of dismissal lack merit.

### A.  Loomar Defendants' Motion to Dismiss

The Loomar Defendants' Motion to Dismiss questions this Court's subject matter jurisdiction over this action.  Plaintiff has invoked the Court's diversity jurisdiction, which requires both a complete diversity of citizenship between the parties and an amount in controversy exceeding $75,000.  28 U.S.C. § 1332(a)(1).  The parties do not dispute that the amount in controversy requirement is satisfied in this case.  The parties do, however, dispute whether complete diversity is present.  Plaintiff contends that it is a citizen of Minnesota, Wyoming and Wisconsin, and that Defendants are citizens of Virginia, Maryland, Texas, Ohio and Florida.  Pl.'s Opp'n to Loomar Mot. at 1.  Loomar Defendants' Motion to Dismiss seeks to show that diversity is absent by challenging the citizenship of three parties or entities.

5

First, Defendants challenge whether Augustana Care, a member of the Plaintiff Limited Liability Company ("LLC"), is actually a citizen of Minnesota as alleged by Plaintiff. Augustana Care's citizenship is relevant here because Plaintiff is an LLC whose citizenship is determined by the citizenship of its members. *See Hoch v. Eli Lilly & Co.*, 736 F. Supp. 2d 219, 220 (D.D.C. 2010) ("a limited-liability company's citizenship is determined by the citizenship of its members."). Plaintiff alleges in its Amended Complaint that Augustana Care is a citizen of Minnesota, *see* Pl.'s Am. Compl. ¶ 1 ("Augustana Care, a citizen of the State of Minnesota"), and this allegation is supported by all of the evidence currently before the Court. A "corporation is 'deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *Diaz v. Neighbors Consejo*, 77 F. Supp. 3d 227, 229 (D.D.C. 2015) (quoting 28 U.S.C. § 1332(c)(1)). Plaintiff has submitted a sworn declaration that states that Augustana Care is a corporation registered in Minnesota that has its headquarters in Minnesota. *See* Decl. of Andrew Auger, ECF No. 49-1 ("First Auger Decl."), at ¶ 5. Plaintiff also provides Augustana Care's registration papers as evidence of these facts. *Id.*, Ex. 1. Loomar Defendants make no attempt to contest this evidence, offer any rebutting facts, or even suggest alternative places of citizenship. The Court accordingly finds that Augustana Care is a citizen of Minnesota, as alleged by Plaintiff, and does not upset the diversity of parties in this case.

Second, Defendants challenge the citizenship of Atlantis Information Systems, LLC ("Atlantis"). Defendants argue that Plaintiff failed to address in its Amended Complaint the fact that Atlantis is a Virginia LLC. Plaintiff concedes that Atlantis is a Virginia LLC, but asserts that Atlantis was not a member of Plaintiff's LLC at the time this lawsuit was filed, and accordingly its citizenship is not relevant to the Court's jurisdictional analysis. The Court agrees.

As part of the transaction at issue in this case, Plaintiff added Atlantis as a member of its LLC by amending its Member Control Agreement ("MCA") on or around September 22, 2014. *See* First Auger Decl. at ¶ 7. Defendant Steve Evans, as Atlantis' President, signed an "Investor Commitment Letter" issued by Plaintiff, stating that Atlantis would contribute to Plaintiff $660,000 in exchange for its membership interest. *See* Decl. of Andrew Auger, ECF No. 52-1 ("Second Auger Decl."), Ex. A. The parties agreed on November 25, 2014 as a closing date for this transaction. *Id.* ¶ 10. The closing never occurred, and Atlantis never provided the $660,000. *Id.* ¶ 19.

Accordingly, Plaintiff's Board of Governors subsequently voted to terminate Atlantis' membership interest for failing to make the required capital contribution. Section 3.6 of the MCA expressly gave Plaintiff the authority to take this action in the case of a defaulting member, after notice had been provided. *See* Second Auger Decl., Ex. B at 6-7 ("If a Member fails to make any required Capital Contribution to fund an Unfunded Commitment on or before the date on which such amount is due, the Member will be deemed to be in default . . . and written notice of default will be given . . . if the Defaulting Member does not cure a default . . . within ten (10) business days of the receipt of the notice . . . the Company (in its sole discretion) may . . . declare, by notice of forfeiture to the Defaulting Member, that the Defaulting Member's interest in the Company . . . is forfeited.").

The necessary notice was provided here. On July 21, 2015, Plaintiff sent Atlantis a letter in which Plaintiff stated that Atlantis had failed to provide the $660,000 to Plaintiff at the determined closing date of November 25, 2014. *See* First Auger Decl., Ex. 3. The letter declared that this was a "breach of the Contribution Agreement," demanded the contribution be made by August 13, 2015, and stated that "if payment is not made, [Plaintiff] will . . . cancel the

Contribution Agreement." *Id.*  The letter expressly stated that "[a]ll membership interests in the Company owned by Atlantis will be forfeited." *Id.*  Atlantis never responded to this letter or funded the promised amount.  On August 14, 2015, Plaintiff sent Atlantis a second letter in which it stated that Atlantis had failed to make the required investment and that Plaintiff accordingly "exercises its remedies . . . to cancel the Contribution Agreement and your Membership Interest."  *See* First Auger Decl., Ex. 4.  The letter stated: "Please take notice that your Membership Interest in Covey Run, LLC is hereby cancelled."  *Id.*  The termination of Atlantis' interest was made effective as of August 14, 2015.  *See* Second Auger Decl. ¶ 22. Atlantis has never challenged this termination to this day.  This lawsuit was filed roughly three months later, on November 13, 2015.  *See* Compl., ECF No. 1.  Atlantis's citizenship is accordingly irrelevant.

Defendants devote roughly eight pages of their reply brief to a confused and ultimately unpersuasive argument that Atlantis' citizenship is relevant because Atlantis was not properly removed from Plaintiff's LLC.  In essence, Loomar Defendants' argument appears to be that Atlantis was not actually required to provide its $660,000 capital contribution on November 25, 2014, and that Plaintiff's July 21, 2015 Letter demanding that amount was accordingly not a notice of default, but merely a "capital call."  Specifically, Defendants argue that the July 21, 2015 Letter "could [ ] not possibly be interpreted by Atlantis as a notice of default but only as a capital call for Atlantis' entire Unfunded Commitment."  Loomar Defs.' Reply at 11.  This argument is not persuasive for a number of reasons.  First, it is not supported by any of the evidence before the Court.  Plaintiff has submitted a sworn declaration and supporting correspondence backing up its claim that Atlantis agreed to provide its capital contribution at closing on November 25, 2014, *see* Second Auger Decl. ¶¶ 8-18, and Loomar Defendants have

provided no contradictory evidence on this point.  Second, Defendants' interpretation of the July 21, 2015 Letter—that it could "not possibly be interpreted" as a notice of default—is not credible.  The July 21, 2015 Letter informed Atlantis that it had been required to provide its funding by November 25, 2014, that it had failed to make the required capital contribution by that time, and that it was being deemed in breach of the Contribution Agreement.  The Court finds that this could *only* reasonably be interpreted as a notice of default.  Finally, and most importantly, Defendants' argument misses the point.  Atlantis itself has never challenged the sufficiency of the notice it was given or of its termination generally, as Loomar Defendants do here.  Accordingly, as a matter of fact, Atlantis *was* terminated as a member of the Plaintiff LLC as of August 14, 2015.  Loomar Defendants' attempt to take up Atlantis' cause and challenge its termination long after this case was initiated cannot and does not change the fact that Atlantis was simply not a member of the Plaintiff LLC at the time of filing.  Atlantis' citizenship therefore does not disrupt the diversity of the parties in this case.

Finally, Defendants raise the question of whether Defendant Steve Evans is a citizen of Ohio, as alleged by Plaintiff, or actually a citizen of Virginia.  Because no member of Plaintiff is a citizen of Virginia or Ohio, this issue is irrelevant to the Court's jurisdictional analysis.

In sum, the Court rejects the Loomar Defendants' arguments with respect to the citizenship of these three parties or entities and finds that complete diversity is present in this case.  Accordingly, the Court will DENY the Loomar Defendant's Motion to Dismiss for lack of subject matter jurisdiction.

## B.  Defendant Blackwell's Motion to Dismiss

The Court will also DENY Defendant Blackwell's Motion to Dismiss.  Blackwell, who is proceeding *pro se* in this matter, has entered a special appearance and moved to dismiss the

Complaint against him on a number of grounds.  Blackwell has filed documents captioned "Amended Motion to Dismiss Due to Lack of Personal Jurisdiction," "Motion to Dismiss Due to Frivolous Lawsuit against Michael Blackwell," "Motion to Dismiss Due to Judicial Corruption," and "Motion to Dismiss Due to Violations of 18 U.S. Code 241 & 242."  ECF No. 98.  None of these motions have merit.

First, Blackwell argues that the Complaint against him should be dismissed for lack of personal jurisdiction.  Plaintiff counters that personal jurisdiction is present here because "Blackwell transacted business in this District."  Pl.'s Opp'n to Blackwell Mot. at 4.  "As subject matter jurisdiction in this case is based on diversity of citizenship, we look to District law to determine whether there is a basis for exercising personal jurisdiction over" Defendant.  *Crane*, 894 F.2d at 455.  The District of Columbia's long-arm statute states, in relevant part, that "[a] District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's transacting any business in the District of Columbia."  D.C. Code § 13-423(a)(1).  When considering whether to exercise personal jurisdiction pursuant to this section of the District's long-arm statute, "the Court must answer two questions: whether the defendant has 'transacted business,' and whether the plaintiff's injury arises from that business."  *Alkanani v. Aegis Def. Servs., LLC*, 976 F. Supp. 2d 13, 24 (D.D.C. 2014).

Keeping in mind that Plaintiff need only make a *prima facie* showing to survive a motion to dismiss for lack of personal jurisdiction at this stage, and that "factual discrepancies appearing in the record must be resolved in favor of the plaintiff," *Crane*, 894 F.2d at 456, the Court concludes that Plaintiff has sufficiently established a factual basis for asserting personal jurisdiction over Defendant Blackwell based on his transacting business in the District of

Columbia.  This case is about an alleged scheme led by Washington Capital, a company located in Washington, D.C., to steal $1.2 Million from Plaintiff.  *See* Pl.'s Am. Compl., Ex. 1 (Washington Capital sales material listing Washington, D.C. address), Ex. 2 (Letter of Commitment between Washington Capital and Covey Run listing Washington Capital's Washington, D.C. address).  Plaintiff alleges that it was induced into this fraudulent scheme by Defendant Blackwell, who introduced Plaintiff to representatives of that company, represented that he was working on behalf of that company, and represented that the company was reputable and had certain lucrative financial ties.  *Id.*, ¶¶ 14, 63.  Plaintiff also asserts—and has provided evidence in support of this assertion—that Blackwell was well aware that Washington Capital was located in Washington, D.C. when he was involved in this transaction.  *See* Decl. of Iris Figueroa Rosario, ECF No. 102-1 ("Rosario Decl."), Ex. C (Apr. 22, 2014 e-mail from Washington Capital representative to Michael Blackwell listing Washington Capital's District of Columbia address).  According to the Amended Complaint and evidence Plaintiff has provided in opposition to Blackwell's motion, after Plaintiff was successfully induced into this alleged fraud Defendant Blackwell provided additional services in support of the fraud, both by making further misrepresentations to Plaintiff regarding the status of its funds, Pl.'s Am. Compl., ¶ 44, and by acting as a loan closer in the disputed transaction, *see* Rosario Decl., Ex. A (Oct. 4, 2014 e-mail from Michael Blackwell to non-party Karen Baas regarding transaction).  The result of this allegedly fraudulent transaction which Defendant Blackwell allegedly induced Plaintiff to enter into was that Plaintiff's funds were transferred to the bank account of Washington Capital in Washington, D.C.  Pl.'s Am. Compl., Ex. 10 at 4.  Portions of those funds were then allegedly to be transferred to Defendant Blackwell to compensate him for his services in this scheme.  *See* Rosario Decl., Ex. B (Michael Blackwell's invoice for $105,400 to Washington Capital for

services rendered regarding transaction).  Based on these facts, the Court concludes that

Blackwell has transacted business in the District of Columbia, that Plaintiff's injuries arise from

that business, and that personal jurisdiction over Defendant Blackwell accordingly comports with

the District's long arm statute.

Exercising personal jurisdiction over Defendant based on this connection to the District

of Columbia also comports with due process requirements.  Due process is satisfied "if the

defendant's 'minimum contacts' with the District are such that subjecting it to suit would 'not

offend traditional notions of fair play and substantial justice.'"  *Crane*, 894 F.2d at 455-56

(quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation

marks omitted)).  "Under the 'minimum contacts' standard, courts must insure that 'the

defendant's conduct and connection with the forum State are such that he should reasonably

anticipate being haled into court there.'"  *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199

F.3d 1343, 1347 (D.C. Cir. 2000) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S.

286, 297 (1980)).  In this case, Defendant allegedly induced Plaintiff to enter into a transaction

with a District of Columbia based company whereby Plaintiff was made to transfer considerable

sums of money to that company's bank in the District of Columbia.  Defendant purported to

work on behalf of that company, allegedly assisted the fraudulent transaction, and allegedly was

to receive a share of the wrongly transferred funds.  Based on these allegations, the Court is

satisfied that Defendant could reasonably have anticipated being sued in the District of

Columbia.

The Court notes that it has reviewed Defendant Blackwell's [108] Response to Plaintiff's

Opposition to his Motion to Dismiss, in which Defendant asserts, in a conclusory manner, a

number of facts contrary to those alleged by Plaintiff.  For example, Defendant appears to

suggest—although he has not provided evidence that would support this assertion—that all of the business he did with Washington Capital was conducted through Virginia, and not the District of Columbia. *See* Blackwell Resp. at 2-3. Whatever relevance these facts may have to the Court's personal jurisdiction analysis, when resolving a motion to dismiss for lack of personal jurisdiction, if true, "factual discrepancies appearing in the record must be resolved in favor of the plaintiff." *Crane*, 894 F.2d at 456. Accordingly, the Court has made its determination as to personal jurisdiction over Defendant, as described above, based on the record with factual discrepancies resolved in favor of Plaintiff.

The remaining grounds for dismissal raised by Defendant Blackwell similarly lack merit. The Court interprets Defendant's "Motion to Dismiss Due to Frivolous Lawsuit Against Michael Blackwell" as a challenge under Federal Rule 12(b)(6) for failure to state a claim for which relief can be granted. This challenge is not well-taken. Plaintiff asserts a cause of action for negligent misrepresentation against Blackwell. "In the District of Columbia, a plaintiff alleging negligent misrepresentation must establish that (1) the defendant negligently communicated false information, (2) the defendant intended or should have recognized that the plaintiff would likely be imperiled by action taken in reliance upon his misrepresentation, and that (3) the plaintiff reasonably relied upon the false information to his detriment." *Ponder v. Chase Home Fin., LLC*, 865 F. Supp. 2d 13, 20 (D.D.C. 2012).

Plaintiff has adequately alleged facts that, if true, would satisfy these three elements. Plaintiff has pleaded that "Defendant Blackwell negligently represented to Covey Run that Defendant Washington Capital was a reputable private equity firm with ties to major foreign financial institutions," and that "these foreign financial institutions would fund" Plaintiff's project. Pl.'s Am. Compl., ¶ 63. Moreover, Plaintiff alleges that "Defendant Blackwell knew or

should have known that these representations were false" and that he "intended or should have recognized that Covey Run would likely be imperiled by action taken in reliance upon his misrepresentations." *Id.* ¶¶ 64-65. Plaintiff states that, had it "known the true facts, it would not have entered into the Letter of Commitment or other agreements with Washington Capital, and would not have transferred $1.2 million in funds for the project." *Id.* ¶ 66. Assuming that these allegations are true, as the Court must for the purposes of a motion to dismiss under Federal Rule 12(b)(6), the Court concludes that Plaintiff has sufficiently alleged a negligent misrepresentation claim.

Finally, little need be said about the remainder of the arguments Defendant Blackwell raises in support of his Motion to Dismiss. Defendant moves to dismiss "due to judicial corruption" with no specifics, and "due to violations of 18 U.S. Code 241 & 242" (criminal code provisions relating to the deprivation of civil rights). These do not represent cognizable reasons the Court may dismiss a civil complaint at the pleading stage.

In sum, the Court concludes that it has personal jurisdiction over Blackwell, that Plaintiff has sufficiently alleged a negligent misrepresentation claim against Blackwell, and that the remainder of Defendant's arguments for dismissing this case lack merit. Accordingly, the Court will deny Blackwell's Motion to Dismiss.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES the Loomar Defendants' [44] Motion to Dismiss and also DENIES Defendant Blackwell's [98] Motion to Dismiss.

An appropriate Order accompanies this Memorandum Opinion.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge